UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DANNY WADE MELTON**<br>    **LA. DOC #181704**<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-0761**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **FRANKLIN PARISH DETENTION**<br>**CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Danny Wade Melton, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 9, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Tensas Parish Detention Center, Waterproof, Louisiana. However, when he filed the complaint, he was imprisoned at the Franklin Parish Detention Center (FPDC). He complains that he was not afforded prompt and appropriate medical care for injuries he sustained while working in the FPDC kitchen in April 2011. He sued Nurses Dana and Sueze along with the FPDC. He prayed for an unspecified amount of damages for pain and suffering and for a transfer to a prison which affords rehabilitation programs. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted; and that his Motion for Transfer [Doc. 7] be **DENIED.**

*Background*

Plaintiff began working in the FPDC kitchen approximately one month before April 7, 2011. Throughout this period he requested work boots, but they were not provided, and plaintiff worked

in tennis shoes. On April 7, 2011, plaintiff slipped and fell cutting his left arm and bruising his left side and ribs. Plaintiff was apparently given some medical care because he alleged that the injury to his arm required five stitches to close. Nevertheless, he complained about a scar on his arm and that he "did not get follow up medical care because this place just don't care about inmates just their money." [Doc. 1]

In an amended complaint filed on June 8, 2011, plaintiff alleged that he "filled out for sick call on a number of occasions..." He was called out on May 16 and requested an opportunity to be examined by a physician; however, his request was denied by Nurse Dana, who assumed plaintiff was malingering. Plaintiff was called out again on May 19 complaining about his "neck and arms going numb all the way down to [his] fingers..." Nurse Sueze agreed to forward plaintiff's request to the Warden, but she expressed doubts about the chances of success. She also advised plaintiff that further sick call requests would result in plaintiff being placed in lock down. Plaintiff concluded by claiming, "I have been laying on my bunk for over 3 weeks hurting and being uncomfortable because of their neglect these people up here do not care about if I am dieing [sic] or not." [Doc. 5]

On June 20, 2011, plaintiff was transferred to the Tensas Parish Detention Center. He complained that TPDC has no rehabilitation programs and he requested another transfer to a facility that offers such programs. He again requested compensation for pain and suffering and the scars caused by the defendants' neglect. [Doc. 7]

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint, and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v.*

*Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint provided conclusory allegations concerning his medical condition. Thereafter he submitted two additional pleadings. Further amendment would serve no useful purpose.

### 2. Juridical Person

Plaintiff sued the FPDC; however, Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether FPDC is an entity which has the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. FPDC is not an entity capable of being sued. Plaintiff's suit against this non-juridical entity is frivolous.

### 3. Medical Care

The gravamen of plaintiff's complaint is that he was denied unspecified "follow up" treatment for the injuries he sustained as a result of his April 7, 2011, slip and fall in the FPDC kitchen.

The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act

with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings. As a matter of fact, it is manifestly obvious that plaintiff simply disagrees with the decisions of the health care professionals who observed him while he was incarcerated at FPDC. Plaintiff's disagreement with their diagnosis falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Furthermore, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifference standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual

knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed, and that they drew that inference</u>. *Id.* at 837.

Plaintiff complained only that he was "hurting" and "uncomfortable" following the accident [Doc. 5] and that he deserves to be compensated for "pain and suffering" and the scar that resulted when his wound healed. [Doc. 7] The pleadings indicate that the cut on his arm was sutured after the accident and thereafter, he made formal sick calls one month later. On two occasions – May 16 and 19, 2011, – he was observed by Nurses Dana and Sueze and each apparently concluded that he was malingering. Plaintiff has not alleged nor can he establish that these defendants were deliberately indifferent – that is, that they were aware that he faced a substantial risk of serious harm as a result of their refusal to provide additional unspecified "follow up" treatment based on his complaints of pain and discomfort.

Indeed, it appears from the pleadings that the health care professionals who were familiar with plaintiff's complaints threatened disciplinary action should he continue to make unfounded sick calls. It is safe to assume that these health care professionals concluded that he was malingering based upon their observations and based on plaintiff's inability to adequately describe the nature of his complaint or condition other than to complain of pain and discomfort.

In short, plaintiff has provided a conclusory series of allegations concerning the treatment of injuries which allegedly caused some pain and discomfort. His failure to allege and demonstrate deliberate indifference warrants dismissal of his complaint for failing to state a claim for which relief may be granted.

**4. Transfer**

Finally, plaintiff seeks transfer to another facility where he may participate in unspecified rehabilitation programs. Plaintiff mistakenly assumes that he has a Constitutional right to educational or vocational programs, to social services, or to other unspecified rehabilitation programs. Inmates do not a have a protected property or liberty interest in rehabilitation programs such as prison employment. *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir.1989) ; *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988). Nor do prisoners have a constitutional right to participate in drug treatment programs. *See Moody v. Doggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Prisoner classification and eligibility for rehabilitation programs are not subject to "due process" protections). The "state has no constitutional obligation to provide basic educational or vocational training to prisoners." *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988). Nor do prisoners have a constitutional right to "social services." *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991). Thus, plaintiff's complaint, insofar as it asserts the existence of a constitutional right to rehabilitation programs, fails to state a claim for which relief may be granted.

Further, plaintiff demands his transfer to another prison. However, such relief is not available, even if his claims are otherwise meritorious. Plaintiff is an LDOC inmate. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the

LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

Therefore, to the extent that plaintiff seeks an order directing the defendants to transfer him to another prison, his claim should be dismissed for failing to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore.

Plaintiff's Motion to Transfer [Doc. 7] is **DENIED**; and,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana August 17, 2011.

/s/ Karen L. Hayes
KAREN L. HAYES
U. S. MAGISTRATE JUDGE